%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michael Johnson

**DEFENDANTS**
Police Officer George Marko, Badge #9784, Police Officer Joseph Kelly, Badge #6826, Philadelphia Police Department, City of Philadelphia and Dontate Mitchell

**(b)** County of Residence of First Listed Plaintiff __Philadelphia__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Philadelphia__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Rovner, Allen, Rovner, Zimmerman and Nash
By: Jeffrey A. Sigman, Esquire
175 Bustleton Pike, Feasterville, PA 19053
(215) 698-2870

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C.A. §1983
Brief description of cause:
Unlawful Police Shooting

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE Curtis Joyner DOCKET NUMBER 2:08-cv-04193

DATE 12-23-09

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.     (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.     Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.     Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**          Example:          U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.     Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.     Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| **Michael Johnson** | : CIVIL ACTION |
| | : |
| v. | : |
| | : |
| **Police Officer George Marko, Badge #9784** | : NO. |
| **Police Officer Joseph Kelly, Badge #6826** | : |
| **Philadelphia Police Department** | : |
| **City of Philadelphia** | : |
| **Dontate Mitchell** | : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

Rovner, Allen, Rovner,
Zimmerman and Nash

| | | |
|---|---|---|
| _12-23-09_ | By _Jeffrey A. Sigman_ | |
| **Date** | | **Attorney for Plaintiffs** |
| [215] 953-2716 | [215] 355-0940 | wilbem@dial-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)   The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)   In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)   The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)   Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)   Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 511 East Queen Lane, Philadelphia, PA 19144

Address of Defendant: 1515 Arch Street, Philadelphia, PA  19102

Place of Accident, Incident or Transaction: 5645 Boyer Street, Philadelphia, PA

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes ☐  No ☒

Does this case involve multidistrict litigation possibilities?  Yes ☐  No ☒

*RELATED CASE, IF ANY:*

Case Number: 2:08-cv-04193 _____ Judge _Curtis Joyner_ _____ Date Terminated: _01/16/2009_ - On hold

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

Yes ☒  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes ☒  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _Jeffrey A. Sigman_ _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _12-23-09_ _____  X _(signature)_ _____  #47703 _____
                          Attorney-at-Law                        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____  _____  #47703 _____
                          Attorney-at-Law                       Attorney I.D.#

CIV. 609 (6/08)

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH**
By: Jeffrey A. Sigman, Esquire
Identification No. 47703          **Attorneys for Plaintiff**
175 Bustleton Pike
Feasterville, PA  19053
(215) 953-2716

| | |
|---|---|
| **Michael Johnson**<br>511 East Queen Lane<br>Philadelphia, PA   19144-1515 | : United States District Court for the<br>: Eastern District of Pennsylvania |
| Plaintiff | : Docket No.<br>:<br>: <u>Civil Action</u> |
| vs. | : |
| **Police Officer George Marko**<br>**Badge #9784**                and<br>**Philadelphia Police Department**    and<br>c/o City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA   19102-1595    and | : **Complaint** |
| **Police Officer Joseph Kelly**<br>**Badge #6826**                and<br>**Philadelphia Police Department**    and<br>c/o City of Philadelphia<br>1515 Arch Street<br>Philadelphia, PA   19102-1595    and | : |
| **City of Philadelphia**<br>1515 Arch Street<br>Philadelphia, PA   19102-1595    and | : |
| **Dontate Mitchell**<br>c/o 7901 State Road<br>Philadelphia, PA   19136 | : |
| Defendants | : |

Plaintiff, Michael Johnson, is an adult individual and by way of Complaint against the said defendants, avers in support thereof the following:

<u>**Jurisdiction**</u>

1.  Plaintiff, Michael Johnson, institutes these proceedings and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C.A. §1343 to

-1-

obtain damages for physical injuries and the deprivation of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution and Federal law, especially 42 U.S.C.A. §1983, that were caused by the defendants herein, jointly and/or severally, as well as the costs of suit and reasonable attorney's fees pursuant to 42 U.S.C.A. §1988.

2.   This Court also has jurisdiction of this action under 28 U.S.C.A. §1331, in that the matter in controversy arises under the Eighth and Fourteenth Amendments of the Constitution of the United States.

3.   The violation of plaintiff's rights as alleged herein was committed within the Commonwealth of Pennsylvania.

### Parties

4.   Plaintiff, Michael Johnson, is a citizen of the United States of America residing at 511 West Queen Lane, Philadelphia, Pennsylvania.

5.   Defendant, Police Officer George Marko, Badge #9784, was at all times relevant herein employed as a police officer for the Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, with an address for acceptance of service at 1515 Arch Street, Philadelphia, Pennsylvania.

6.   Defendant, Police Officer Joseph Kelly, Badge #6826, was at all times relevant herein employed as a police officer for the Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, with an address for acceptance of service at 1515 Arch Street, Philadelphia, Pennsylvania.

7.   Defendant, Philadelphia Police Department, is a municipal entity duly organized and operating under the rules and regulations set forth to them by the Commonwealth of Pennsylvania, with an office for acceptance of service in care of City of Philadelphia, at 1515 Arch Street, Philadelphia, Pennsylvania.

-2-

8.    Defendant, City of Philadelphia, is a municipal corporation duly organized and operating under the rules and regulations set forth to them by the Commonwealth of Pennsylvania, with an office for acceptance of service located at 1515 Arch Street, Philadelphia, Pennsylvania.

9.    Plaintiff brings this action against defendant, City of Philadelphia and its agency, Philadelphia Police Department, pursuant to 42 Pa. C.S.A. §8542.

10.    At all times material to this Complaint, each of the defendants, Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and City of Philadelphia, was an agent, servant, workman, employee and/or representative of the other and was acting within the course and scope of said employment and/or agency and/or was acting for a common purpose or on a joint venture.

11.    Defendant, Dontate Mitchell, is an adult individual with an address for service at 7901 State Road, Philadelphia, Pennsylvania.

### COUNT I - Facts

### Michael Johnson vs. Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and City of Philadelphia

12.    Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through eleven, inclusive, as though same were set forth herein at length.

13.    On or January 1, 2008, at or about 12:00 a.m., plaintiff, Michael Johnson, was visiting a neighbor for a New Year's Eve party at 5645 Boyer Street, in the City and County of Philadelphia, Pennsylvania.

14.    At said time and place, Philadelphia Police began to arrive on Boyer Street due to a report of earlier celebratory New Year's Eve gun shots heard in the neighborhood.

15.    Upon information and belief and subject to discovery which is the sole custody of the defendant, City of Philadelphia, defendants, Police Officer

-3-

George Marko and Police Officer Joseph Kelly, arrived on the scene and found defendant, Dontate Mitchell, brandishing a gun in front of 5645 Boyer Street, Philadelphia, Pennsylvania.

16.   Upon information and belief and subject to discovery which is the sole custody of the defendant, City of Philadelphia, defendants, Police Officer George Marko and Police Officer Joseph Kelly, approached defendant, Dontate Mitchell, wherein, defendant, Dontate Mitchell, turned and ran into the residence at 5645 Boyer Street.

17.   Upon information and belief and subject to discovery which is the sole custody of the defendant, City of Philadelphia, defendants, Police Officer George Marko and Police Officer Joseph Kelly, fired at the defendant, Dontate Mitchell, as and/or after he ran inside the residence of 5645 Boyer Street, and continued to fire their weapons through the closed screen door.

18.   During the course of his visit for the New Year's Eve party at said address, plaintiff, Michael Johnson, was walking up the steps inside this residence.  These steps lead from the first floor to the second floor and pass in front of the front door of 5645 Boyer Street.  While walking up these steps, plaintiff was shot five [5] times; also shot were Nyger Page and Abebe Isaac. Mr. Isaac died from his injuries.

19.   It was readily apparent, through the open windows and open front door of 5645 Boyer Street, that numerous innocent and unaware bystanders were present inside said residence enjoying a peaceful New Year before defendants, Police Officer George Marko and Police Officer Joseph Kelly, fired their guns.

20.   Despite knowing of the presence of innocent and unaware bystanders, said defendants, Police Officer George Marko and Police Officer Joseph Kelly, fired eleven (11) shots into said residence.

21.   After the shooting, defendants, Police Officer George Marko and Police Officer Joseph Kelly, entered 5645 Boyer Street with weapons drawn and

-4-

began to verbally and physically detain many of the attendees of said New Years Eve party even though said defendants, Police Officer George Marko and Police Officer Joseph Kelly, were aware of the identify of defendant, Donate Mitchell, and that no one else inside the residence of 5645 Boyer Street had any involvement with the outside incident.

22. At said time and place, defendants, Police Officer George Marko and Police Officer Joseph Kelly, nonetheless unreasonably, unlawfully and with excessive force seized plaintiff, after ordering plaintiff to come downstairs, then escorted plaintiff onto the porch and forced plaintiff to his knees. Plaintiff told the police officers that he had been shot which was obvious since the shirt of plaintiff, Michael Johnson, was covered in his own blood. Plaintiff, who was bleeding and covered in blood was left on the porch.

23. Despite his obvious condition, defendant police officers failed and/or refused to call or provide medical assistance to plaintiff. Plaintiff eventually, with help from his sister, limped from 5645 Boyer Street to Chelten Avenue to find an ambulance.

24. At said time and place, and while defendants, Police Officer George Marko and Police Officer Joseph Kelly, were unreasonably, unlawfully and with excessive force, seizing plaintiff, Michael Johnson, and others inside the residence, defendant, Donate Mitchell, walked out the front door, freely and uninterrupted.

25. The aforesaid defendants, Police Officer George Marko and Police Office Joseph Kelly, fired their weapons intentionally and with the intent of using deadly force.

26. The aforesaid defendants, Police Officer George Marko and Police Officer Joseph Kelly, knew innocent persons, including plaintiff, Michael Johnson, were in close proximity to where they were shooting.

-5-

27.  Defendants, Police Officer George Marko and Police Officer Joseph Kelly, knew or should have known that their conduct in firing their weapons through a screen door into an occupied residence during a New Year's Eve party created a serious and immediate danger to the health, welfare and safety of innocent persons, including, plaintiff, Michael Johnson.

28.  The conduct of defendants, Police Officer George Marko and Police Officer Joseph Kelly, was shocking to the conscious, reckless and deliberately indifferent.

29.  Defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, acted in complete and reckless disregard of the risk of harm to plaintiff, Michael Johnson, which they knew or should have known to be highly probably and with a conscious indifference to the consequences to plaintiffs, Michael Johnson.

30.  It was unreasonable for defendants, Police Officer George Marko and Police Officer Joseph Kelly, to believe the use of deadly force was warranted, justified or reasonable at the time they fired their weapons.

31.  By their actions, defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, created the circumstances which resulted in harm to plaintiff, Michael Johnson.

32.  At no time did plaintiff, Michael Johnson, commit any offense against the laws of the City of Philadelphia, Commonwealth of Pennsylvania, United States of America.

33.  The actions and/or conduct of defendants, Police Officer George Marko and Police Officer Joseph Kelly, as set forth above violated the United States Constitutional rights of plaintiff, Michael Johnson, to be free from the denial of life and liberty without due process of law and rights under the Due Process Clause to personal security and bodily integrity.

-6-

34.   Defendant, Dontate Mitchell, was negligent and indifferent to the substantial risk of serious harm to innocent personas, including plaintiff, Michael Johnson, when he displayed a firearm, failed to surrender to police and fled into the residence at 5645 Boyer Street, when defendant knew and/or had reason to know that a New Year's Eve party was going on.

35.   Defendants, Police Officer George Marko and Police Officer Joseph Kelly, were deliberately indifferent to the substantial risk of harm to innocent persons, including plaintiff, Michael Johnson, when they fired their weapons and physically and unlawfully detained plaintiff, Michael Johnson.

36.   The actions and/or inactions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, were committed without cautious regard or due care, and with such wanton and reckless disregard of the consequences as to show their conscious indifference to the danger of harm and injury.

37.   The aforesaid assault by defendants, Police Officer George Marco and Police Officer Joseph Kelly, occurred suddenly and without warning, cause or provocation, and as a result, plaintiff, Michael Johnson, suffered severe injuries, anxiety and psychological distress as a direct result of actions of said agents, servants, workmen, employees, representatives and/or police officers of defendants, Philadelphia Police Department and City of Philadelphia, as described herein.

38.   Further, the negligent, careless, reckless and/or willful and/or intentional acts of said defendants, Police Officer George Marco and Police Officer Joseph Kelly, are imputed to defendants, Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, said defendants are fully liable for the said negligent, careless, reckless, willful, wanton, outrageous and/or intentional acts on the part of their agents, servants, workmen, employees, representatives and/or police officers, more specifically, defendants, Police Officer George Marco and Police Officer Joseph Kelly.

**WHEREFORE,** plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT II - Injuries

**Michael Johnson vs. Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and City of Philadelphia**

39.    Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through thirty-eight, inclusive, as though same were set forth herein at length.

40.    As the direct and proximate result of the aforesaid incident, plaintiff, Michael Johnson, suffered serious and severe injuries which are or may be permanent in nature, including, but not limited to, five [5] gunshot wounds, contusions, abrasions, and lacerations, severe damage to his nerves and nervous system, mental anguish and emotional distress; and various other ills and injuries.

41.  As a further result of this accident, plaintiff has been obligated to receive and undergo reasonable and necessary medical treatment and rehabilitative services for the injuries he has suffered, and to incur various expenses for said treatment and services, and he may incur various reasonable and necessary future medical expenses from the injuries sustained, said medical expenses exceeding $1,500.00, and defendants are liable for all of same.

42.   As a further result of this accident, plaintiff has suffered an injury which is or involved a permanent loss of a bodily function, permanent disfigurement or permanent dismemberment.

43.   As a further result of this incident, plaintiff, Michael Johnson, has been obligated to receive and undergo medical attention and care for his injuries, and to incur various expenses for said care, and he may be obligated

-8-

to continue to expend such sums and to incur such expenditures for an indefinite time in the future.

44.   As a further result of this incident, plaintiff, Michael Johnson, has and may continue in the future to incur other financial expenses or losses to which he is otherwise entitled to recover.

45.   As the direct result of this incident, plaintiff, Michael Johnson, has been unable to attend to his daily chores, duties and occupations and may be unable to do so for an indefinite period of time in the future.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT III - Federal Constitution Violations

### Michael Johnson vs. Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and City of Philadelphia

46.   Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through forty-five, inclusive, as though same were set forth herein at length.

47.   Defendant, City of Philadelphia, is under a duty to supervise the members of the Philadelphia Police Department and to ensure that the policing activities of the Police Department are run in a lawful manner, preserving to the citizens of the City of Philadelphia, the rights, privileges and immunities guaranteed to them by the Constitutions and laws of the United States of America and the Commonwealth of Pennsylvania.

48.   Upon information and belief and subject to discovery, in the year 2006, the City of Philadelphia had twenty (20) fatal shootings of innocent civilians by its police officers, more than any other of the nation's ten (10) largest cities, including New York.

49.   Defendant, City of Philadelphia, permitted, encouraged, tolerated and knowingly acquiesced to an official pattern, practice or custom of its police officers, particularly, defendants, Police Officer George Marko and Police Officer Joseph Kelly, with violating the constitutional rights of the public at large including plaintiff, Michael Johnson.

50.   Defendant, City of Philadelphia, knew or should have known of the propensity of defendants, Police Officer George Marko and Police Officer Joseph Kelly, to deprive the citizens of Philadelphia of their  constitutional rights and failed to take proper action to protect the citizens of Philadelphia.

51.   The actions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, complained herein were unjustified, unreasonable, unconstitutional and excessive and constituted an unreasonable seizure effectuated through the use of excessive and unreasonable force and deprivation of plaintiff, Michael Johnson's, due process protections in violation of the rights secured to plaintiff, Michael Johnson, by the Fourth and Fourteenth Amendment of the United States Constitution.

52.   Defendant, City of Philadelphia, is directly liable for plaintiff, Michael Johnson's, damages due to the following policies, practices or customs of the Philadelphia Police Department, which were in effect at the time of this incident and which were the underlying cause of the injuries to plaintiff, Michael Johnson:

> (a) The Philadelphia Police Department failed to adequately and properly train and educte its officers, including defendants, Police Officer George Marko and Police Officer Joseph Kelly, including, but not limited to, investigatory stops, questions, search and seizure, arresting procesures, detaining and the use of force craeting an atmosphere of illegal and unconstitional

-10-

behavior with respect to inveestigatory stops, questions, search and siezure, arreting procedures and use of force, in deliberate, indifference, and reckless disregard to the welfare of the public at large, including plaintiff, Michael Johnson;

(b) The Philadelphia Police Department repeatedly and knowingly failed to properly discipline its officers, including defendants, Police Officer George Marko and Police Officer Joseph Kelly, with respect to violations of the laws of the Commonwealth of Pennsylvania, the Constitution of the United States, and its own policies regarding investigatory stops, questioning, search and seizure, arresting procedures and the use of force, creating a pattern, policy, practice, custom, or atmosphere where such illegal and unconstitutional behavior is tolerated, condoned and accepted by the Philadelphia Police Department in deliberate indifference and reckless disregard to the public at large, including plaintiff, Michael Johnson;

(c) The Philadelphia Police Department filed to adequately monitor and evaluate the performance of its officers, including defendants, Police Officer George Marko and Police Officer Joseph Kelly, and their compliance with the laws and policies, practices and customs with respect to investigatory stops, questioning, search and seizure, arresting procedures and the use of force in deliberate indifference and reckless disregard to the public at large, including plaintiff, Michael Johnson;

(d) The Philadelphia Police Department failed to adequately respond to and investigate complaints regarding officer misconduct by the citizenry, including but not limited to, complaints regarding investigatory stops, questioning, search and seizure, arresting procesures and the use of force in an effort to escape liability, thus crating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned or approved, in deliberate indifference and reckless disregard to the rights of the public, including plaintiff, Michael Johnson;

(e) The Philadelphia Police Department has a policy, practice and custom of refusing to investigate complaints of police misconduct by citizens unless the complainant appears at Internal Affairs and/or Office of Professional Standards to file a complaint against an officer or sign a sworn affidavit of Complaint against an officer. Accordingly, a person who has been abused by an officer of the Philadelphia Police Department is discouraged and/or not advised to bring legal counsel with him/her in an effort to file a formal complaint against an officer. This policy, practice and custom in designed to thwart citizen efforts to inform the Philadelphia Police Department of officer misconduct in an effort to escape liability, thus creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, conducted or approved, in deliberate indifference and reckless

-12-

disregard to the rights of the public at large, including plaintiff, Michael Johnson;

(f) The Standard Operating Procedures of the Internal Affairs Division of the Philadelphia Police Department is designed to favor the statements of a police officer over the statements of a citizen complaining about police abuse or misconduct, resulting in the exoneration of officers for unconstitutional behavior and creating an atmosphere where unconstitutional behavior of police officers is tolerated, condoned and ratified by the Philadelphia Police Department, thus creating a policy, practice, custom or atmosphere where such illegal and unconstitutional behavior is ratified, condoned and approved, in deliberation indifference and reckless disregard to the rights of the public at large, including plaintiff, Michael Johnson;

(g) The Philadelphia Police Department has a policy, practice or custom of exonerating officers regarding complaints of misconduct, including, but not limited to, complaints regarding investigatory stops, questioning, search and seizure, arresting procedures and the use of force, in order to escape liability and creating an atmosphere where illegal and unconstitutional behavior is condoned, tolerated, or approved, in deliberate indifference and reckless disregard to the rights of the public at large, including plaintiff, Michael Johnson;

(h) The Philadelphia Police Department has a policy, practice or custom of allowing its officers to use

-13-

excessive and/or unreasonable force without fear of discipline creating an atmosphere where such behavior is accepted, approved and ratified, in reckless disregard and deliberate indifference to the welfare of the public at large, including plaintiff, Michael Johnson;

(i) The Philadelphia Police Department allows its officers to engage in conduct what violates the constitutional rights of persons in custody, including plaintiff, Michael Johnson, without fear of reprimand, discipline or termination, creating an atmosphere where such unconstitutional behavior is ratified, tolerated or condoned, in reckless disregard and deliberate indifference to the welfare of the public, including plaintiff, Michael Johnson;

(j) The Philadelphia Police Department failed to have an early warning system to identify, counsel and discipline officers involved in improper and unconstitutional conduct allowing officers to violate the civil rights of citizens without fear of discipline in reckless disregard and deliberate indifference to the rights of the public, including plaintiff, Michael Johnson; and

(k) The Philadelphia Police Department knew that a "code of silence" existed between their officers whereby officers would not report misconduct of other officers to their superiors and failed to take steps necessary to break the "code of silence" which includes, but is not limited to, properly training officers, properly supervising officers, properly investigating critical incidents,

-14-

holding officers accountable for misconduct and failing to report misconduct, creating an atmosphere where officers violate the constitutional rights of the public at large in deliberate indifference to and in reckless disregard of the constitutional rights of the public, including plaintiff, Michael Johnson.

53.    As a direct and proximate result of the foregoing policies, practices and customs of the defendant, City of Philadelphia, the violation of the constitutional rights of citizens by defendants, Police Officer George Marko and Police Officer Joseph Kelly, was substantially certain to occur.   In addition, as a direct and proximate result of the aforementioned policies, practices and customs of defendant, City of Philadelphia, plaintiff, Michael Johnson, suffered injuries, as indicated aforesaid, all of which resulted in severe and unrelenting pain and suffering, emotional distress, mental anguish, loss of life's pleasures, and financial loss.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko, Police Officer Joseph Kelly, Philadelphia Police Department and/or City of Philadelphia, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT IV - Federal Constitution Violations

#### Michael Johnson vs. Police Officer
#### George Marko and Police Officer Joseph Kelly

54.    Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through fifty-three, inclusive, as though same were set forth herein at length.

55.    Defendants, Police Officer George Marko and Police Officer Joseph Kelly, committed the above described actions and/or omissions under the color of law and by virtue of their authority as police officers of the Philadelphia

-15-

Police Department and substantially deprived plaintiff, Michael Johnson, of his clearly established rights, privileges and immunities guaranteed to him as a citizen of the United States in violation of 42 U.S.C. §1983, and deprived plaintiff of the right guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution, including, but not limited to:

(a)   freedom from unlawful arrest and seizure of his person;

(b)   freedom from the use of unreasonable, unjustified and excessive force;

(c)   freedom from the deprivation of liberty and property without due process of law; and

(d)   freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

56.   As a direct and proximate result of the acts and omissions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, plaintiff's constitutional rights were violated and plaintiff, Michael Johnson, suffered injuries as indicated aforesaid, which resulted in severe and unrelenting pain and suffering, emotional distress and mental anguish.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko and/or Police Officer Joseph Kelly, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT V - Negligence

### Michael Johnson vs. City of Philadelphia

57.   Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through fifty-six, inclusive, as though same were set forth herein at length.

58.   Defendants, Police Officer George Marko and Police Officer Joseph Kelly, engaged in willful misconduct in that they desired to bring about the

-16-

result that followed or at least were aware that it was substantially certain to follow, so that such desire can be implied.

59. Pursuant to 42 Pa. C.S. §8550, the willful misconduct of the police officers serves to waive any immunity or limitation on damages that the municipal defendant would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

60. The negligence and careless of defendant, City of Philadelphia, includes, inter alia, the following:

   (a) failing to properly train its officers on the appropriate use of force;

   (b) failure to properly train its officers on the need to establish probably cause prior to investigatory stops, arrest and/or search or seizure;

   (c) failure to properly supervise the officers that shot at the residence where plaintiff was visiting, and unlawfully detaining with excessive force, plaintiff, Michael Johnson;

   (d) failure to draft, implement and enforce policies that would serve to eliminate the use of excessive force;

   (e) failure to comply with police standards;

   (f) failure to adequately train its workforce; and

   (g) failure to enforce police standards, polices and procedures.

61. As a direct result of defendant, City of Philadelphia's actions, and/or failure to act, plaintiff, Michael Johnson, suffered injuries, as indicated aforesaid, which resulted in severe and unrelenting pain and suffering, emotional distress and mental anguish.

-17-

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendant, City of Philadelphia, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT VI - Negligence

### Michael Johnson vs. Police Officer George Marko and Police Officer Joseph Kelly

62.   Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through sixty-one, inclusive, as though same were set forth herein at length.

63.   Defendants, Police Officer George Marko and Police Officer Joseph Kelly, engaged in willful misconduct in that they desired to bring about the result that followed or at least were aware that it was substantially certain to follow, so that such desire can be implied.

64. Pursuant to 42 Pa. C.S. §8550, the willful misconduct of the police officers serves to waive any immunity or limitation on damages that the municipal defendant would have otherwise enjoyed under the Political Subdivision Tort Claims Act.

65.   Plaintiff hereby alleges that the aforementioned actions by defendants, Police Officer George Marko and Police Officer Joseph Kelly, constituted the tort of assault and battery.

66.   As a direct result of the acts and omissions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, plaintiff, Michael Johnson's constitutional rights were violated and plaintiff, Michael Johnson, suffered injuries, as indicated aforesaid, which resulted in severe and unrelenting pain and suffering, emotional distress and mental anguish.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko and/or Police Officer Joseph Kelly, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

-18-

## COUNT VII - Reckless Disregard of Safety

### Michael Johnson vs. Police Officer George Marko and Police Officer Joseph Kelly

67.    Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through sixty-six, inclusive, as though same were set forth herein at length.

68.    Defendants, Police Officer George Marko and Police Officer Joseph Kelly, had knowledge of the dangerous conditions to which plaintiff, Michael Johnson, was being subjected to when they fired their weapons and unlawfully seized plaintiff.

69.  Defendants, Police Officer George Marko and Police Officer Joseph Kelly, were in the vicinity of plaintiff, Michael Johnson, and had the authority to intervene to aid and protect plaintiff and the ability to rectify the danger faced by plaintiff, Michael Johnson.

70.    Defendants, Police Officer George Marko and Police Officer Joseph Kelly, intentionally failed to perform their duties to plaintiff, Michael Johnson, knowing or having reason to know that their acts and omissions created an unreasonable and substantial risk of harm to plaintiff, Michael Johnson.

71.    The conduct of defendants, Police Officer George Marko and Police Officer Joseph Kelly, constituted the tort of reckless disregard of safety, §500, 2 Restatement of Torts, 2d.

72.    As a direct and proximate result of the conduct of defendants, Police Officer George Marko and Police Officer Joseph Kelly, plaintiff, Michael Johnson, suffered injuries and damages as aforesaid.

73.    The actions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, were wanton, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

-19-

74.   As a direct result of the defendants' actions, plaintiff, Michael Johnson, suffered injuries as indicated aforesaid, which resulted in severe and unrelenting pain and suffering, emotional distress and mental anguish.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko and/or Police Officer Joseph Kelly, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT VIII - Outrageous Conduct Causing Severe Emotional Distress
#### Michael Johnson vs. Police Officer George Marko, Police Officer Joseph Kelly and Dontate Mitchell

75.   Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through seventy-four, inclusive, as though same were set forth herein at length.

76.   Defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, by extreme and outrageous conduct, intentionally or reckless caused severe emotional distress to plaintiff, Michael Johnson.

77.   The acts or omissions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, alleged in the preceding paragraphs, constitute the tort of Outrageous Conduct Causing Severe Emotional Distress to plaintiff, Michael Johnson's great detriment and loss.

78.   As a direct and proximate result of the conduct of defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, plaintiff, Michael Johnson, sustained injuries and damages as aforesaid.

79.   The actions of defendants, Police Officer George Marko and Police Officer Joseph Kelly, and defendant, Dontate Mitchell, were wanton, malicious, oppressive, outrageous and unjustifiable, and therefore, punitive damages are necessary and appropriate.

-20-

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendants, Police Officer George Marko, Police Officer Joseph Kelly and/or Dontate Mitchell, jointly and/or severally, together with costs of suit, pre and post judgment interest and attorney's fees.

### COUNT IX - Negligence and Negligence Per Se

### Michael Johnson vs. Dontate Mitchell

80.   Plaintiff, Michael Johnson, incorporates herein by reference, paragraphs one through seventy-nine, inclusive, as though same were set forth herein at length.

81.   At all times pertinent hereto, defendant, Dontate Mitchell, was negligent, careless, reckless and negligent, per se, in the following manner:

(a) defendant, Dontate Mitchell, should have foreseen that his open display of a firearm before a crowded house part in a residential neighborhood on New Year's Eve could provoke a dangerous or harmful reactions from people observing him, including defendants, Police Officer George Marko and Police Officer Joseph Kelly, placing nearby persons, including but not limited to, plaintiff, Michael Johnson, at unreasonable risk of injury;

(b) defendant, Dontate Mitchell, in fleeing from the police into a crowded house at 5645 Boyer Street, placed plaintiff, Michael Johnson, at unreasonable risk of injury; and

(c) defendant, Dontate Mitchell, violated various federal, state and local statutes, ordinances, rules and regulations, relating to the possession of firearms.

-21-

82.   The conduct of defendant, Dontate Mitchell, was a direct and proximate cause of the injuries aforesaid.

83.   The acts of defendant, Dontate Mitchell, as stated aforesaid constitute the torts of negligence, gross negligence, negligence and negligence per se to plaintiff, Michael Johnson's great detriment and harm.

**WHEREFORE**, plaintiff, Michael Johnson, demands punitive, compensatory and special damages against defendant, Dontate Mitchell, together with costs of suit, pre and post judgment interest and attorney's fees.

ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH

By _____
Jeffrey A. Sigman
175 Bustleton Pike
Feasterville, PA  19053
(215) 953-2716
Attorneys for Plaintiff

-22-

## Arbitration Certification

Pursuant to Local Rule 47, plaintiff hereby certify that the damages claimed herein are in excess of One Hundred Thousand Fifty ($150,000.00) Dollars, exclusive of interest and costs.

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH**

By_____

Jeffrey A. Sigman
175 Bustleton Pike
Feasterville, PA   19053
(215) 953-2716
Attorneys for Plaintiff

## Designation of Trial Counsel

Pursuant to Rule 4:25-4, Jeffrey A. Sigman, is hereby designated trial counsel on behalf of plaintiff, Michael Johnson, in the above matter.

## Jury Demand

Plaintiff, Michael Johnson, demands a trial by jury on all issues by a jury panel consisting of twelve (12) persons on all issues.

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and NASH**

By_____

Jeffrey A. Sigman
175 Bustleton Pike
Feasterville, PA   19053
(215) 953-2716
Attorneys for Plaintiff

-23-